1

2

3

4

5

6                         IN THE UNITED STATES DISTRICT COURT

7                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10    F. G. CROSTHWAITE and RUSSELL E.              No. C 10-01376 WHA
      BURNS, in their capacities as Trustees of
11    the Operating Engineers Health and
      Welfare Trust Fund, PENSION TRUST
12    FUND FOR OPERATING ENGINEERS,                 **ORDER GRANTING IN PART**
      PENSIONED OPERATING ENGINEERS'               **MOTION FOR DEFAULT**
13    HEALTH AND WELFARE FUND, and                  **JUDGMENT**
      OPERATING ENGINEERS LOCAL
14    UNION NO. 3 OF THE
      INTERNATIONAL UNION OF
15    OPERATING ENGINEERS, AFL-CIO,

16              Plaintiffs,

17      v.

18    AAA CONSTRUCTION GROUP, INC.,
      a California corporation,
19
                Defendant.
20    _____/

21                                  **INTRODUCTION**

22          In this ERISA action, plaintiffs move for default judgment against defendant AAA

23    Construction Group, Inc. following its failure to appear in this action and respond to the

24    complaint.  Plaintiffs allege that defendant failed to make the required contributions, liquidated

25    damages, and interest payments to plaintiffs as required by a bargaining agreement.  Plaintiffs

26    seek to recover these payments and attorney's fees and costs.  Plaintiffs' counsel failed to appear

27    at the hearing and later submitted a request to decide this motion on the papers.  For the following

28    reasons, plaintiffs' motion for default judgment is **GRANTED IN PART**.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**STATEMENT**

Plaintiffs filed this action on April 1, 2010.  According to the complaint, plaintiffs Pension Trust Fund for Operating Engineers and Pensioned Operating Engineers' Health and Welfare Fund are employee benefit plans.  Plaintiffs F. G. Crosthwaite and Russell E. Burns are fiduciaries of the Operating Engineers Health and Welfare Trust Fund, which is also an employee benefit plan.  Plaintiff Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO, is a union and a party to a collective bargaining agreement with defendant.  Defendant AAA Construction Group, Inc. is an employer under ERISA.

The complaint alleges that the union plaintiff and defendant "entered into a collective bargaining agreement requiring employer contributions to the Plaintiff Funds, and to the Union for union dues and to the Bargained Plans."  The complaint lists funds that defendant is required to contribute to under the collective bargaining agreement.  Plaintiffs Crosthwaite and Burns are co-chairmen of the board of trustees of the funds, which receive and administer contributions made pursuant to the bargaining agreement to the plans.  Under the bargaining agreement defendant is also required to submit monthly reports on the number of hours worked by its employees.  For each delinquent payment under the bargaining agreement, defendant must pay liquidated damages and interest as set forth in the agreement.

According to the complaint, defendant has failed to make the required contributions for June 2009, submit monthly reports from July 2009 through February 2010, or pay previously assessed liquidated damages and interest.  As relief, plaintiffs request damages in the amount of the unpaid contributions, liquidated damages, and interest, attorney's fees and costs, and for an injunction to prevent defendant from continuing to breach its obligations under the bargaining agreement and ERISA.  The complaint does not assert claims for relief set out from other allegations, but rather reads as one narrative setting forth plaintiffs' claims.

Plaintiffs attempted initial service on defendant on April 27, 2010 (Dkt. No. 7).  Plaintiffs moved for entry of default, but the Clerk declined to enter default (Dkt. No. 10).  Plaintiffs investigated addresses at which they could effectuate service on defendant or certain known officers and directors of defendant.  Through this investigation plaintiffs determined the address

1   of one of defendant's officers and directors.  Accordingly, service was effectuated on defendant

2   on August 21 (Dkt. No. 16).  Defendant has failed to file any responsive pleading in this action.

3   Defendant also failed to appear at the case management conference.  Default was entered on

4   September 28 (Dkt. No. 19).

5        Plaintiffs now move for default judgment against the defendant.  A hearing on the motion

6   was noticed for December 9.  Defendant was properly served with notice of the motion, which

7   included the hearing date and time (Dkt. No. 26).  Defendant did not appear at the hearing, either

8   through a representative or through counsel.

9   **ANALYSIS**

10        FRCP 55(b)(2) permits a court, following an entry of default, to enter default judgment

11   against a defendant.  "The district court's decision whether to enter a default judgment is a

12   discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The scope of relief

13   allowed through default judgment is limited by FRCP 54(c), which states that "[a] default

14   judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

15       **1.**   **SERVICE OF PROCESS**

16        Plaintiffs had some initial challenges serving defendant.  Eventually, however, they

17   successfully served Michael Arikat, who — according to documentation submitted by plaintiffs

18   — is an officer and director of defendant, as registered with the State of California.  Serving Mr.

19   Arikat constitutes service to the defendant corporation.  *See* Cal. Code Civ. Proc. 416.10.  Mr.

20   Arikat was served at his residence on August 21.  Pursuant to FRCP 4(e), this constitutes proper

21   service.

22       **2.**   **MERITS OF THE CLAIMS AND SUFFICIENCY OF THE COMPLAINT**

23        In the Ninth Circuit, a court is to consider several factors in exercising its discretion to

24   award default judgment:

25        (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
     substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at

26        stake in the action; (5) the possibility of a dispute concerning material facts;
     (6) whether the default was due to excusable neglect, and (7) the strong policy

27        underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

28

**United States District Court**
For the Northern District of California

3

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  After entry of default, well-pled allegations in the complaint regarding liability are taken as true, except as to amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Consequently, *Eitel* factors two, three, and five weigh in favor of the entry of default judgment against defendant AAA Construction Group.  There is no dispute concerning material facts.  The well-pled allegations in plaintiffs' complaint regarding liability are treated as true.

The well-pled facts establish the merits of plaintiffs' case against defendant.  ERISA provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. 1145.  Section 1145 created a federal cause of action against employers who have failed to make timely contributions as required under collective bargaining agreements such as the one in this action.  In the present case, the complaint alleges that contributions from June 2009 and other damages owed under Section 1145 remain unpaid.

Given this delinquency, recoverable damages are set forth in 29 U.S.C. 1132(g)(2):

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of —
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

The well-pled allegations, taken as true for the limited purpose of determining liability, establish that unpaid contributions and other damages existed at the time this lawsuit was filed.  The relief

sought is generally within the scope of ERISA.  In short, plaintiffs' complaint sufficiently states a meritorious claim under ERISA.

The remaining *Eitel* factors favor entry of default judgment.  *First*, absent entry, plaintiffs might be unable to recover and provide the contributions owed to beneficiaries and members. *Second*, it is unlikely that default was the result of excusable neglect.  When defendant failed to report or pay the contributions and damages at issue, demand was made on defendant to conform with its contractual and statutory duties.  *Third*, although federal policy favors decisions on the merits, Rule 55(b) permits entry of default judgment in situations such as this where the defendant refuses to litigate.  *Fourth*, the sum of money at stake in this action is not unreasonable in light of the allegations in the complaint.  In sum, after careful consideration of all of the *Eitel* factors, this order finds that the entry of default judgment against defendant AAA Construction Group is warranted.

### 3.    SCOPE OF RELIEF

Sections 1145 and 1132 are the statutory basis of defendant's duty to make timely contributions to trust funds regulated by ERISA.  Section 1132(g)(2) provides that plaintiffs are entitled to unpaid contributions, liquidated damages, interest, and attorney's fees.  These awards are mandatory under ERISA when unpaid contributions are established.  *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257–58 (9th Cir. 1996).

Plaintiffs seek a judgment granting the following relief: (1) $2,095.56 in unpaid contributions; (2) $4,380.54 in liquidated damages; (3) $754.39 in interest; (4) $6,809.50 in attorney's fees; (5) $1,583.55 in costs; and (6) an order requiring "Defendant to submit all contribution reports and make payment on all additional amounts found due."  Though allegations in the complaint regarding liability are taken as true, allegations as to the amount of damages are not.

The requested relief for unpaid contributions in June 2009 is properly compensable under 29 U.S.C. 1132(g)(2)(A).  Accordingly, plaintiffs are entitled to relief in the amount of $2,095.56 in unpaid contributions.

**United States District Court**
For the Northern District of California

As stated, plaintiffs also request $4,380.54 in liquidated damages and $754.39 in interest, incurred due to late contribution payments from January 2009 through June 2009.  When plaintiffs seek to collect liquidated damages for delinquent contributions that have already been paid, mandatory liquidated damages under Section 1132(g)(2) do not apply.  *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989).  However, liquidated damages and interest for late-paid contributions are allowable if they are available under an enforceable contract, such as the collective bargaining agreement that is present here.  Section 12.13.00 of the agreement provides for the liquidated damages and interest that were assessed here.

Plaintiffs' request suffers, however, from problems of proof.  Based on a review of plaintiffs' submissions, the contributions that underlie the assessment of liquidated damages and interest themselves seem to have been paid before the filing of this lawsuit.  Plaintiffs provide a summary list of liquidated damages and interest owing from January 2009 through June 2009, "[a]ccording to [their] records."  There is no supporting documentation.  There is no way to compare records to determine what was owed versus what was paid, and when.  In lieu of evidence, plaintiffs merely provide their summary, which does not inspire confidence in this context.  Evaluation of plaintiffs' request for liquidated damages and interest relative to the formula for their assessment under the bargaining agreement requires knowledge of the amount owed, payments made, and dates of payment, which we do not have.  Consequently, plaintiffs are not entitled to their requested relief in the amount of $4,380.54 in liquidated damages and $754.39 in interest.

Even when attorney's fees are mandatory under Section 1132(g)(2), a district court should consider various relevant factors to determine the reasonableness of those fees.  *Kemmis v. McGoldrick*, 706 F.2d 993, 997–98 (9th Cir. 1983).  These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

United States District Court

For the Northern District of California

*Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1117 (9th Cir. 1979).  Plaintiffs submitted a declaration of counsel in support of their request for $6,809.50 in attorney's fees and $1,583.55 in costs.  The declaration states generally what tasks were involved in pursuing this lawsuit, the number of hours worked by three attorneys and one paralegal, their billing rates, the general categories of costs incurred, and total figures for fees and costs incurred.

Plaintiffs' counsel's submissions are inadequate to evaluate the requested amount of fees based on the *Seymour* factors.  The submissions do not even address several of the factors and did not include a breakdown of the fees incurred.  Without more, this order cannot approve an award of the requested amount of attorney's fees.  As to costs, plaintiffs must make a request for taxable costs in strict compliance with the civil local rules.

Plaintiffs lastly request an order requiring "Defendant to submit all contribution reports and make payment on all additional amounts found due."  This is not outside of the scope of relief requested in the complaint, which stated a prayer for relief for an order "requiring that Defendant comply with its obligations . . . [and] enjoining Defendant from violating" the bargaining agreement and ERISA.  Among the facts alleged in the complaint is that defendant has not submitted a monthly report (or paid a contribution) from July 2009 through February 2010.

As stated above, Section 1132(g)(2)(E) provides for equitable relief.  Defendant's payment history presents a picture of a business that was content with delinquency for the first half of 2009 and content with nonpayment and evasion since then.  Defendant shall not be allowed to continue in this manner.  This order requires defendant AAA Construction Group, Inc. to provide monthly Employer's Reports as set forth in the bargaining agreement to plaintiffs' counsel, Saltzman & Johnson Law Corporation, for the months of July 2009 through November 2010.  Plaintiffs must effect service through a valid process server within 30 days of the date of this order.  (This is necessary to subject defendant to the contempt power of the district court.)  Defendant AAA Construction Group is ordered to provide the reports specified above within 60 days of the date of this order.

**CONCLUSION**

For the reasons set forth above, plaintiffs' motion for default judgment is **GRANTED IN PART**. Judgment in favor of plaintiffs and against defendant AAA Construction Group, Inc. in the amount of $2,095.56 in unpaid contributions will be entered accordingly. Plaintiffs' request for liquidated damages, interest, and attorney's fees is denied for lack of proof. Defendant is ordered to provide monthly Employer's Reports to plaintiffs' counsel as stated above. Following the entry of judgment, plaintiffs may serve and file a bill of costs pursuant to the civil local rules.

**IT IS SO ORDERED.**

Dated:  December 10, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

8